(117 App. Div. 378)

### ZUCKERMAN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

WITNESSES—CREDIBILITY—CORROBORATION BY PRIOR STATEMENTS.

Where a witness, on cross-examination, was asked whether he did not make certain statements to a policeman, contradictory of his testimony, and denied that he had made them, he may not, on the redirect, testify to what he told the policeman; he thereby attempting to corroborate his testimony by statements previously made, which is not permissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 1288.]

Appeal from Trial Term, New York County.

Action by Rachel Zuckerman, as administratrix, against the New York City Railroad Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, HOUGHTON, and LAMBERT, JJ.

Charles F. Brown, for appellant.

Thomas J. O'Neill, for respondent.

PER CURIAM. In this action for damages resulting from the death of plaintiff's intestate, the principal question of fact was whether the deceased had come to his death by leaving the car while it was running at full speed, or whether he had been thrown to the ground by the negligent starting of the car while he was alighting. An important witness for the plaintiff was one Hecht, who professed to have seen the accident. Upon cross-examination he was asked whether he had not made certain statements both at the coroner's inquest, and to

certain policemen. He denied that he had made the statements concerning which he was interrogated. Upon his redirect examination, under the objection and exception of the defendant, the witness was permitted to testify as to what he did say to the policeman some time after the accident happened. This was clear error, for nothing is better settled than that the evidence of a witness upon the trial cannot be corroborated by proof of statements previously made by him. Dechert v. Mun. E. L. Co., 39 App. Div. 490–496, 57 N. Y. Supp. 225. The questions put to the witness on cross-examination did not open the door to the introduction of the objectionable evidence, for the witness denied having made the contradictory statements concerning which he was then asked. There was therefore no room for the application of the rule that a witness who has been required to give a part of a statement or conversation, may be permitted to give the whole thereof. Sexton v. Onward Const. Co., 93 App. Div. 144, 87 N. Y. Supp. 550. In view of the weight undoubtedly given by the jury to the testimony of this witness, and the general character of his evidence we cannot say that his self-corroboration did not influence the verdict.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event.